### HILL, Administrator *v.* LEVISON & TRAYLOR.

In an action by one of several partners against the others, for a settlement of the partnership affairs, a judgment fixing the amount due by each partner to the concern, is a judgment in which the partners are respectively interested against each other, and if one appeals from the judgment, all the others must be made parties.

APPEAL from the District Court of Union, *R. W. Richardson*, J. *McGuire & Ray*, for plaintiff. *Ludeling*, for defendant and appellant.

BUCHANAN, J. The commercial firm of *Levison, Traylor & Co.*, was composed of three partners: *Abraham Levison, John Traylor* and *Samuel Traylor*. *Samuel Traylor* having died, *John Hill* was appointed his administrator, and brought this suit against the two surviving partners for a settlement of the partnership, and for judgment against such partner or partners as may be indebted to the estate. The defendant, *John Traylor*, answers by joining in the prayer for a final liquidation and settlement of the partnership. The defendant, *Abraham Levison*, defends the action on sundry grounds; denies the right of the plaintiff to call upon him for an account; claims damages both from the plaintiff and from his co-defendant for their alleged interference in the affairs of the concern; and prays that the said *John Hill*, administrator, and *John Traylor*, be restrained from further intermeddling with respondent, whilst settling the concern of *Levison, Traylor & Co.*, according to law.

The Court made an interlocutory order, appointing *Levison* receiver, on his giving a certain bond; and in case of *Levison's* failure to give bond in a specific time, (twenty days,) appointing *John Traylor* receiver on his giving bond. *Levison* failed to give bond, and *John Traylor* having qualified, was appointed receiver. Auditors of account were next appointed, who made a voluminous report stating an account between the partners. The defendant, *Levison*, filed an opposition to the homologation of the account; and after hearing, judgment was rendered, "that the report of the auditors be homologated, so far as it settles the account of each partner with the firm—that there be judgment in favor of the administrator of *Samuel Traylor*, for the sum of three hundred

and eighty-eight dollars and twenty-eight cents, with interest at five per cent. per annnm from this date until paid—and that there be judgment against *Abraham Levison*, for the sum of eleven thousand six hundred and one dollars and sixty-six cents, with interest at five per cent. per annum from date until paid—and that there be judgment in favor of *John Traylor*, for the sum of sixteen hundred and fifty dollars and thirty-seven cents, with interest at five per cent. per annum from this date until paid—the other matters in the report being beyond what was submitted to the auditors, are reserved for the future action of the Court—the costs to be paid out of the general fund." From this judgment the defendant *Levison* appealed by motion, and filed an appeal bond, with security in favor of *John Hill*, administrator, alone.

The appellee moves to dismiss the appeal on the ground of want of proper parties; *John Traylor*, not being joined in the appeal bond, although having a greater interest than any other person in the maintenance of the judgment appealed from.

This motion appears well taken, and must prevail. See *Armstrong* v. *Creditors*, 8 Ann., and the cases there cited.

The judgment professes to settle the accounts of each of the three partners with the firm. It determines that the partnership is indebted to the estate of *Samuel Traylor* $388 28–100, and to *John Traylor* $1650 37–100—and that *Abraham Levison* is indebted to the partnership $11,601 66.

This judgment against *Levison* is evidently as much a judgment in favor of *John Traylor* as in favor of *Samuel Traylor's* estate, perhaps more so, in the proportion that 1650 bears to 388. *John Traylor* is therefore as much, if not more, interested in maintaining the judgment; which cannot be divided for the purpose of being re-examined in this Court, but must be considered, if at all, as a whole. The pleadings are not in a shape that will admit of this being done.

Appeal dismissed, with costs.

Re-hearing refused.