DERBIGY
*v.*
TREPANIER.

---

### J. M. SAUX *v.* F. LEFEVRE & CO.

An appeal from a judgment against the two members of a commercial firm *in solido*, taken by one of the partners only, dismissed on the ground, that the other partner against whom the judgment was rendered should have been made a party to the appeal, he having an interest in maintaining the judgment to secure his recourse against the appellant for his portion of the debt.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

*Budd & Lambert,* for plaintiff. *J. L. Tissot,* for defendants and appellants.

VOORHIES, J. The plaintiff in this case obtained a judgment against the defendants, *in solido*, for the sum of $400, with interest and costs. *François Lefevre* alone appealed from that judgment. In his petition for the appeal, he alleges that the judgment was rendered against the members of the firm, now dissolved, individually and *in solido*, condemning him to pay the plaintiff the amount claimed in his petition.

The appellee has moved to dismiss the appeal on the ground, that the defendants, *François Lefevre* and *Joseph Figuierè*, have not been made parties to the same, or cited in the premises in accordance with law.

The only question presented is, whether *Figuierè* has an interest in maintaining the judgment. In taking the appeal, it is clear that *Lefevre* only acted for himself and in his own interest in the matter, and not for his partner; consequently, he must be deemed a principal, and not an agent of the partnership. Hence, it follows clearly, that the judgment against his partner, bound *in solido* with him, cannot be disturbed on this appeal.

Such being the case, then it is obvious that *Figuierè* has an interest in maintaining the judgment; otherwise, if reversed, he would inevitably lose his recourse against the appellant, his partner, for a contribution, in the event of his discharging the debt. Supposing that a judgment in this case would not effect *Figuierè's* interest, as he is not a party to the appeal, then it may be asked what avail would such a judgment be to the appellant, as he would still be liable to his partner for contribution?

Appeal dismissed.