HARDY, Judge.
Plaintiff instituted this suit for the recovery of the value of two thoroughbred Aberdeen Angus calves, allegedly killed on the highway adjoining plaintiff’s property as the result of the negligent actions of defendants in permitting the said animals to escape from their pasture. During trial it *851 was established that the calves were owned by a commercial partnership composed of A. C. Decker, Jr. and L. L. Gattis. More than three years following trial of the case exceptions of no cause and no right of action were interposed on behalf of the defendants. Subsequent to this action a supplemental and amended petition was filed for the purpose of substituting A. C. Decker, Jr. and L. L. Gattis, members of the commercial partnership, as parties plaintiff in lieu of the originally named plaintiff, A. C. Decker, Jr. Over the objection of defendants and after hearing on rule, the supplemental and amended petition was allowed. At a still later date pleas of prescription were filed by the defendants, but it does not appear that any disposition was made thereof by the trial court. Finally, judgment was rendered rejecting plaintiff’s demands, which was read, signed and filed on February 10, 1960. The minutes of the district court under date of April 6, 1960, recite:
“Motion made on behalf of plaintiff for orders of devolutive appeal to the Court of Appeal, Second Circuit of Louisiana; appeal granted as requested, returned on May 30, 1960, the de-volutive appeal bond being fixed at $300.00.”
The minutes of the district court under date of April 8, 1960, show:
“Appeal bond filed April 7, 1960, by plaintiff.”
Reference to the appeal bond discloses the recitals that the order of devolutive appeal was obtained by A. C. Decker, Jr., as plaintiff, who bound himself as principal on the bond.
It is clear that the proper parties appellant are not before this court. An appeal by one of two or more commercial partners is subject to dismissal unless the other members of the partnership are made parties; Hill v. Levison, 10 La.Ann. 574; Saux v. Lefevre, 12 La.Ann. 757; Tupery v. Lafitte, 19 La.Ann. 296; Hammitt v. Payne, 27 La.Ann. 100.
Appellate courts are authorized to recognize, ex proprio motu, the failure to join necessary parties and to dismiss a suit for such reason; Whitney Bank of New Orleans v. Little Creek Oil Company, Inc., et al., 212 La. 949, 33 So.2d 693, citing Bologna Bros., et al. v. Stephens, et al., 206 La. 112, 18 So.2d 914.
If courts are vested with the authority, ex proprio motu, to dismiss a suit for non-joinder of proper parties, it requires no substantial extension of such authority to dismiss an appeal for the same reason. In our opinion this is particularly true in the instant case since the right to file the amended petition substituting parties plaintiff in lieu of A. C. Decker, Jr., who is the only appellant, was seriously contested and constitutes an issue which would be considered on appeal.
For the reasons assigned the appeal is. dismissed at the cost of appellant, A. C. Decker, Jr.