ROGERS, J.
Plaintiff seeks specific performance of an agreement to sell and purchase real estate. The property consists of *72 two lots of ground situated in the city of New Orleans at the comer of Claiborne avenue and Dante street, in the square comprised within said streets and Sycamore and Oambronne streets. Defendant refuses to comply with his agreement to purchase upon the ground that the title to the property is invalid and suggestive of litigation. Prom a judgment for plaintiff, defendant appeals.
In bar of and against the attack of defendant upon his title, plaintiff filed, in this court, a plea of prescription of 10 years acquirendi causa, based upon his actual physical possession of the property under a deed translative of property acquired in good faith.
In support of his contentions the learned counsel for defendant points out. that plaintiff traces his title to Mrs. Annie C. Klein, then the widow of Theodore H. Marsh, who had acquired the property during her marriage to said Marsh as her separate property, under a judgment of separation of property, which judgment was a nullity because of its nonexecution, and therefore'the purchase of Mrs. Marsh was necessarily for account of the marital community, and, upon its dissolution by the death of her husband, she became vested with only a half interest therein, and could, and did, legally convey only that half interest to plaintiff’s author in title.
Counsel for defendant further shows that the property formerly belonged in indivisión to Theodore H. Marsh and two other parties, who, the said Marsh acting for himself and as the agent for one of the said parties, by a notarial act dated November 28, 1894, sold to John D. Townsend, and the said Townsend, by act before the same notary, dated December 1, 1894, sold to Mrs. Annie C. Klein,' wife of Theodore H. Marsh. Counsel contends that Townsend, who was a porter in the office of the notary, was, apparently, acting as an interposed party for the purpose of acquiring the property for Mrs. Marsh, who was the real purchaser in the deed of November 28, 1894, and that she could not, in law, purchase from her' said husband,1 nor could he, as the agent of one of his co-owners, sell the interest of his principal to his wife, his partner in the community.
Inasmuch as we have concluded the plea of prescription of 10 years acquirendi causa to be well founded, we find it unnecessary to pass upon the legal questions raised by counsel for defendant in his objections to the title.
In considering the plea of prescription, we find that by notarial act dated April 11, 1905, Mrs. Annie C. Klein, widow of Theodore H. Marsh, sold the property to Peter G. Riddell. Through various mortuary proceedings had in the civil district court for the parish of Orleans the ownership of the property be- > came vested in Miss Margaret Ellen Ohalker and Mrs. Ida Frances Churchill, widow of Peter G. Riddell, who, by notarial act dated December 27, 1921, sold, with full warranty of title, to the plaintiff herein.
The evidence shows that Peter G. Riddell went into actual possession of the property shortly after his purchase in April, 1905; that he placed a wire fence around the property, and partially filled the lots about that time. It is also shown that more than 10 years ago he caused a substantial Schillinger pavement to be placed around the property on the two streets, Claiborne and Dante, on which it faced. In the performance of this work he was recognized as the owner by the paving contractors, who received payment for their work from him. The property has been assessed to Riddell and his' successors in title since 1906, and state and city taxes have been paid in accordance therewith. Such possession, accompanied by the regular payment of taxes, as is shown herein, is sufficient to sustain the plea of prescription filed by plaintiff. This prescription has long since run against the heirs of Theodore H-. Marsh, Sr., his children, William A. Marsh and Theo *74 dore H. Marsh, who are shown to be 40 and 37 years of age, respectively.
The judgment of the district court is correct, but we do not think that, in the circumstances of this case, defendant should be cast in costs. Defendant’s objections to the title were not unreasonable, and it was necessary to resort to judicial proceedings in order to place of record the proof required to establish the prescription acquirendi causa, forever setting at rest the questions concerning plaintiff’s title to the property.
For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside in so far as it condemns defendant for costs, and in all other respects it be affirmed. Plaintiff and appellee to pay the costs of both courts.