LAND, J.
 

 Plaintiff has instituted this suit to compel defendant to accept title to two lots, designated by letters D and E, in square No. 1414, situated in the third district of the city of New Orleans.
 

 The defense is that the seller has only a title to fifty-three fifty-sixths interests in said property.
 

 The admitted facts as to the title to this property are these:
 

 “Lorentz líllrich purchased the whole square of ground of which these two lots form a part in the year 1S50 during the existence of the community with his wife.
 

 “This Lorentz Ullrich died a number of years after purchasing the property; and he left a widow in community, six children, and a grandchild by the name of Joseph Ullrich, Jr., who inherited a share in the square by representation through his deceased father, Joseph Ullrich, Sr.
 

 “Widow Lorentz Ullrich became the owner of a half share in the property, as her portion of the community, and usufructuary of the other half share. The six children and the grandchild, Joseph Ullrich, Jr., each became the owner of- a one-fourteenth share in the property by inheritance from Lorentz Ullrich.
 

 “On May 7, 1888, this grandson, Joseph Ullrich, Jr., died, leaving his one-fourteenth share in the property, and the following persons as his sole heirs at law:
 

 “(1) His mother, Rebecca Carstens Ullrich, heir to one-fourth of his one-fourteenth share.
 

 “(2) Two sisters by the half blood, Mrs. Louis Esehmann, wife of Frederick O. Huff, and Mrs. Annie Esehmann, wife of Louis A. Sellier, who together inherited a three-fourths of one-fourteenth share in this square. Their share constitutes the three fifty-sixths share in the property, which defendant claims was never acquired by the present plaintiff.”
 

 It is also admitted that—
 

 “Mrs. Margaretta Gaillai, widow of Lorentz Ullrich, did not die until 1911, and that, at the date of her death, the children of Mrs. Annie Esehmann, wife of Alexander Sellier, were minors; that the youngest child, namely, John Romeo Sellier, was born on May 1, 1902, and therefore did not become of age until May 1, 1923.”
 

 1. Plaintiff claims to be the sole owner of the property under a recorded notarial act of sale from Mrs. Jeanne Scully, wife of Dr. George F. Roeling, and by him duly authorized ; said act being of date August 29, 1913.
 

 Plaintiff has alleged ownership under a chain of title from Mrs. Margaretta Gaillai, widow of Lorentz Ullrich, and pleads, in support of the same, the prescription of 10 and 30 years, under article 3478 of the Revised Oivil Code, as amended by Act No. 161 of 1920, and under article 3499 of the Code.
 

 It is admitted that neither the two sisters by the half blood of the late Joseph Ullrich, Jr., nor the heirs of one of the two sisters, Mrs. Annie Esehmann, wife of Louis A. Sellier, who is now dead, have ever executed a sale or transfer of their three fifty-sixths interest in these two lots claimed by plaintiff.
 

 The main question for the court to determine in this case is whether these heirs have lost their three fifty-sixths interest in this property by virtue of the prescription of 10 or 30 years pleaded by plaintiff.
 

 , On March 23, 1912, Mrs. Jeanne Louis Scully, wife of Dr. George F. Roeling, purchased from Mrs. Margaret Ullrich, wife of
 
 *1029
 
 John L. Fox, and John L. Fox, lots D, E, and F in square No. 474 in the city of New Orleans.
 

 At that date, there was a cottage on these lots, which were inclosed by a fence. This cottage was moved by Dr. Eoeling when lots D and E were sold by his wife to plaintiff. At the date of sale from Mrs. Scully to plaintiff, August 29, 1913, this fence was still around the property. The cottage had been leased for a brief interval while in the possession of Mrs. Scully.
 

 On April 13, 1914, plaintiff leased lots D and E in said square to Cusack Company. Immediately after the date of the lease, said company erected a large sign on the property, and has remained in continuous and undisturbed possession of the same since the date of the lease.
 

 The present suit was brought May 6, 1924. The facts show that plaintiff has been in actual and peaceable possession of this property over 10 years under a title translative of property. We find nothing in the evidence to impugn the good faith of plaintiff.
 

 The minor, John Eomeo Sellier, did not become of age until May 1, 1923. At the date of the institution of this suit, he was over the age of 22 years.
 

 Article 3478 of the Eevised Civil Code, as amended by Act 161 of 1920, reads as follows:
 

 “Article 3478. He who acquires an immovable in good faith and by a just title, prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and
 
 as to minors
 
 this prescription
 
 shall accrue and apply in twenty-two years from the date ■of the birth of the said minor;
 
 provided that this prescription shall run against the heirs of said minor, and shall not be interrupted in favor of any minor heirs of said minor.
 
 Provided
 
 that this act
 
 shall take effect on January 1st, 1922.”
 

 Act 161 of 1920 was approved July 7, 1920. At the date of the .passage of said act the prescription of 10 years acquirendi causa did not run against minors under the Civil Code.
 

 A purchaser in good faith under a title translative of property may have had actual possession of the same for 21 years, and then be subjected to a petitory action within 10 years after the minor had arrived at the age of majority.
 

 The clear purpose of the act is to give stability to titles to real estate, by permitting the prescription of 10 years acquirendi causa to run against minors during their minority, and by limiting the right of action of a minor to recover immovables to 1 year after arriving at full age, where such prescription had accrued at the time of his reaching his majority.
 

 As Act 161 of 1920 is a radical departure from the textual provisions of the Civil Code in the matter of prescription of 10 years as applied to minors, a proviso was inserted in section 1, to the effect that the new legislation should not be in force until January 1, 1922.
 

 The purpose of this proviso is twofold: (1) To remove any doubt as to when the provisions of the act should go into- operation; (2) to exempt all minors from the operation of the act who might have arrived at the age of 22 years prior to January 1, 1922, thereby preserving the rights of such minors under the Civil Code as to immunity from prescription, and enabling them to bring suits for the recovery of their estates, free from the bar of prescription of 10 years under the new statute.
 

 As John Sellier, the youngest of these minors, arrived at the age of 22 years, 5 days before this suit was filed on May 6, 1924, it is clear that the provisions of Act 161 of 1920 apply to him.
 

 Plaintiff having established the prescription of 10 years in good faith and under a just title, we do not find it necessary to consider the plea of prescription of 30 years.
 

 2. The judgment of the lower court
 

 
 *1031
 
 condemns defendant to the specific performance of bis written agreement to purchase the property from plaintiff, by paying to him $1,600, the cash portion of the purchase price, with legal interest from judicial demand until paid, and hy executing a note in the sum of $2,000, for the credit portion of said price, with legal interest from judicial demand until the execution of said note.
 

 Counsel for defendant contends that defendant should be made to pay interest only from date of judgment, as the defendant had reasonable grounds of apprehension, and as the title tendered to him by plaintiff could hardly be considered marketable, until sustained by a judgment of court.
 

 As it is admitted in the statement of facts in this case that plaintiff had no title to three 'fifty-sixths interest in said property, and, as the present suit became necessary to establish title by prescription, we are of the opinion that, as a matter of equity, interest should be allowed only from date of judgment, October 24, 1924. Newman v. Gleason, 132 La. 561, 61 So. 620; Duruty v. Musacchia, 42 La. Ann. 360, 7 So. 555; Tobin et al. v. U. S. Safe Deposit & Savings Bank, 115 La. 366, 39 So. 33.
 

 3. We are also of the opinion that the judgment of the lowe'r court properly assessed the costs against plaintiff.
 

 In the ease of Zahn v. Arensberg, 154 La. 70, 97 So. 301, we held that—
 

 “Where purchaser’s objections to vendor’s title were reasonable, and it was necessary to resort to judicial proceedings, to place of record the proof required to establish title by prescription, and set at rest questions concerning the title, the purchaser should not bo cast in costs of vendor’s suit.”
 

 The judgment appealed from is therefore amended, by making the legal interest on the cash and credit portions of the purchase price begin to fun from date of judgment, October 24, 1924, and said judgment, as amended, is affirmed. Plaintiff to pay costs of both courts.
 

 O’NIELL, O. J.,
 

 is of the opinion that the court should not decide upon the rights of Mrs. I-Iuff and Mrs. Sellier, who were not made parties hereto.