No. 9200
Orleans

JOSEPHINE PARATORE, WIFE OF WILLIAM CHORDORFF, Appellant, v. MRS. WILLIAM CUMMINGS DAVIS, WIDOW OF JOHN BROWN HUMPHREYS, ET AL.

(February 15, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Costs and Fees— Par. 50, 54.**

Where a reasonable objection by the purchaser is made to vendor's title, based upon existing jurisprudence, and, during the pendency of a suit, by the purchaser, for the return of his deposit, a decision of the Supreme Court is rendered, modifying, if not changing, the former jurisprudence, and, removing plaintiff's objection to defendant's title, defendant will be cast for costs.

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

This is a suit for the return of the balance of the amount deposited on the purchase price of a piece of real estate.

There was judgment for defendant and plaintiff appealed.

Judgment amended as to cost only and affirmed.

B. Y. Wolf, of New Orleans, attorney for plaintiff, appellant.

Daly and Hamlin of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff entered into an agreement with defendant to purchase a certain piece of real estate for $5,000.00 and deposited $500.00 on account of the purchase price with defendant's agent. Plaintiff's attorney rejected the title and this suit for the double of the deposit resulted. (Plaintiff seemingly treats the deposit as earnest money.)

From an adverse judgment of the trial court plaintiff appeals.

Plaintiff originally contended that the defendant had no title to the property which was the subject of the agreement of sale upon the ground that in the year 1885 the property was adjudicated to the State for the unpaid taxes of 1882 by Act before Joseph H. Spearing, Notary Public, recorded C. O. B. 122, fo. 132, and "that after the State of Louisiana had purchased the said property, the said City of New Orleans attempted to sell same for taxes and attempted to convey to itself a title to said property by act before J. D. Taylor, Notary Public, on March 23rd, 1891; that the property of the State of Louisiana can not be sold for taxes; that the City of New Orleans attempted to sell said property to one Simon Newberger (defendant's predecessor in title) by Sheriff's sale on May 30th, 1895.

In other words, the adjudication to the state vested in the adjudicatee a paramount title, which could not be divested by a subsequent sale by the city for taxes.

Whatever merit there may have been in this contention is, admittedly, swept aside by the decision in the case of Gamet's Estate vs. Lindner, 159 La. 658, 106 South. 22.

The only contention here is concerning the costs.

In this connection we can not say that plaintiff's objection to defendant's title was unreasonable at the time it was made, for before the decision in the Gamet case the jurisprudence on the subject was at least doubtful, and since this decision was rendered long after the filing of this suit, we will allow plaintiff the costs of suit. See Zahn vs. Arensburg, 154 La. 70, 97 South. 301, and Thomam vs. Dutel, 158 La. 1026, 105 South. 52.

For the reasons assigned the judgment appealed from is amended so as to condemn defendant to pay all costs, and in other respects it is affirmed.