(123 So. 331)

No. 29667.

NEW ORLEANS AUCTION EXCHANGE, Limited, v. VINCENT.

June 17, 1929.

Michel Provosty, of New Orleans, for appellant.

St. Clair Adams and M. M. Irwin, both of New Orleans, for appellee.

ST. PAUL, J. This is an action to compel defendant to accept title to two certain portions of ground fronting on Carroll street, between Perdido and Poydras (Carondelet in the rear), one measuring 39' 10" front on Carroll by 63' 9" in depth, and the other measuring 27' 10" front on Carroll by the same depth.

The objection to the title is that said lots are composed in part of a common alley 3 feet wide, facing on Carroll street and running the full depth thereof and partly behind the property firstly described.

The evidence shows that there was formerly such an alley, but that by act before John C. Davey, notary public, dated January 25, 1905, all parties claiming a right to the use of said alley divided the alley between them and threw it into their adjoining properties; that shortly thereafter said parties took possession of said alley according to the respective portions allotted to them and extended their buildings over the same.

Whatever may have been the effect of this transaction, the fact remains that on January 16, 1913, the succession of Frank Sharp was in physical possession of the two parcels of ground herein involved under (at least) color

of title, and said lots were covered by buildings extending wholly over them.

On said day, January 16, 1913, more than 10 years before the promise of sale herein sought to be enforced, the property was adjudicated by the executors of Frank Sharp to the plaintiff herein under the descriptions hereinabove first given, and plaintiff went immediately into possession thereof, and has been in possession ever since.

As plaintiff went into possession of the property under a title translative of the property and has remained in possession ever since, it follows that plaintiff has acquired title thereto by the prescription of 10 years acquirendi causa, if plaintiff bought in good faith believing the succession of Frank Sharp to be the owner thereof. Act No. 64 of 1924.

The only suggestion that plaintiff was not in (legal) good faith in purchasing said property as the property of the succession of Frank Sharp is that there is annexed and referred to in their act of purchase a sketch of said property wherein it is set forth that said property is partly composed of what was a "former common alley." But the very sketch itself contains the recital that "the common alleys above shown are now covered by buildings, having been closed and absorbed into the lots by common consent of the owners, as set forth in the above-mentioned act of sale, January 25, 1905, before J. C. Davey, N. P."

Under these recitals and the facts above set forth, we think the plaintiff was justified in believing that the succession of Frank Sharp was the legal owner of the property offered for sale and purchased by it. The succession of Sharp, as we have said, was in physical possession of the property under (at least) color of title, and it was not incumbent on the purchaser at the succession sale to pursue his investigation of the title

any further. To hold otherwise would be to require a purchaser, under penalty of otherwise being held in bad faith, to examine thoroughly the title tendered him by the vendor, whereas the law requires no such thing for the 10 years' prescription acquirendi causa, but only that the purchaser "honestly believed" that the vendor was the owner of the property. Rev. Civ. Code, art. 3484. And there is no question, according to the evidence adduced in this case, that plaintiff "honestly believed" that the succession of Sharp was the owner of the property which plaintiff purchased.

The trial judge properly held that the title tendered was good and sufficient; and he also properly cast the plaintiff for costs, as evidence was necessary to establish plaintiff's prescriptive title. Thomann v. Dutel, 158 La. 1026, 105 So. 52.

The judgment appealed from is therefore affirmed.