182 So. 529

## SLAUGHTER v. WATSON.

No. 34591.

May 30, 1938.

Rehearing Denied June 27, 1938.

C. B. Prothro, of Shreveport, for appellant.

John B. Files, of Shreveport, for appellee.

HIGGINS, Justice.

Plaintiff instituted this action for specific performance of a contract in which the defendant agreed to purchase from him an oil and gas lease on property located in Miller County, Arkansas, for a cash consideration of $2,000 and $40 a year rental. Paragraphs 7, 8 and 9 and the prayer of the petition read as follows:

"7. Petitioner avers that notwithstanding his performing and complying with all the conditions, terms and stipulations of said escrow agreement, contract and letter and tender to the said J. J. Watson a good and merchantable title to said oil, gas and mineral lease, and demanded payment of the said purchase price thereof, viz, Two Thousand ($2,000.00) Dollars, the said J. J. Watson refused and still refuses to complete and comply with said contract and pay to plaintiff said sum of Two Thousand ($2,-000.00) Dollars.

"8. Plaintiff avers that he stands ready, willing, and able to deliver to the said J. J. Watson, said oil, gas and mineral lease on the payment to him of the said Two Thousand ($2,000.00) Dollars consideration.

"9. Petitioner alleges amicable demand prior to the filing of this suit on the said J. J. Watson to comply with his written contract, which the said J. J. Watson refuses to do.

"Wherefore, petitioner prays that the said J. J. Watson be served with a copy of this petition and cited according to law to answer same, and after due and legal proceedings there be judgment in favor of plaintiff, J. D. Slaughter, and against the defendant J. J. Watson, compelling him specifically to perform said contract and agreement to purchase the aforesaid oil, gas and mineral lease from plaintiff and to pay plaintiff the sum of Two Thousand ($2,000.00) Dollars, cash therefor with interest from judicial demand until paid. For all necessary orders and decrees for general and equitable relief."

The defendant answered, admitting that the contract sued upon was entered into between them and that the oil and gas lease which was the subject thereof was placed in escrow, and averred that plaintiff did not hold a valid record title through mesne conveyance to the proposed leased property, but a title by limitation depending upon ex parte affidavits and verbal statements of the plaintiff and others and, therefore, subject to litigation.

There was judgment on the merits in favor of the plaintiff recognizing his title to the property in controversy as a valid one and directing him to deliver to the defendant a valid oil and gas lease covering the land upon the payment by the defendant to the plaintiff of $2,000, and the additional sum of $40 rental for one year.

The defendant accepted the judgment and complied therewith by placing in the

registry of the court the sum of $2,040, and obtaining an ex parte order from the district judge, authorizing the clerk of court to deliver to him the original oil lease, which had been filed in the record and placed in the custody of the clerk of court.

The district judge, upon the application of the plaintiff, granted a new trial. The plaintiff complained that the judgment went beyond the pleadings in granting the defendant a lease on the property and that the court was powerless to give legal effect to the lease, because it had lapsed for non-payment of rent. The district judge reinstated the original judgment and the clerk of the court was ordered to pay the plaintiff, in accordance with the judgment, the funds in his custody. The plaintiff appealed.

It is clear from the allegations of the plaintiff's petition and the prayer thereof that this is an action for specific performance of a contract and not a suit for damages for its breach, or a suit to set aside and annul a lease for breach of its provisions. The court, having concluded that the plaintiff established a valid prescriptive title, ordered specific performance of the agreement as prayed for by the plaintiff. There could not be specific performance of the contract without the defendant, as prospective lessee, obtaining the lease, and the plaintiff, as owner and lessor, obtaining the consideration stipulated therefor. Consequently, the judgment of the lower court is in accordance with the pleadings.

Counsel for the plaintiff contends that as the defendant refused to comply with his agreement because of the alleged defect in the title, and failed to pay the rent which was due on September 9, 1936, that the lease, by its very terms, had lapsed and could not be revived by the judgment of the lower court. The contract sued upon was dated September 9, 1935, and the lease attached to the escrow agreement was to be for a term of five years at an annual rental of $40, payable on the 9th day of September, 1936, and each year thereafter. This suit was filed on October 14, 1935, and the judgment signed on June 25, 1937. The fallacy in the plaintiff's argument on this point is due to the fact that he ignores the allegations of paragraph "8." of his petition, in which he expressly states that he stands ready, able and willing to deliver the mineral lease upon the payment of the $2,000 consideration. This allegation is entirely inconsistent with the contention that there had been a forfeiture of the defendant's rights due to his failure to comply with the terms of the contract and the lease. This statement in the petition was a continuing offer and tender of the lease in accordance with the agreement of the parties, and had never been withdrawn. The district judge, therefore, had the right and authority under the issues and record to order specific performance of the contract in compliance with its terms and conditions. He granted to the plaintiff exactly what he asked for in his petition.

Apparently, the defendant was satisfied with the title established by the plaintiff and complied with the judgment. It is stated that this action was taken because the defendant learned that an oil well was

discovered within a mile of the property in question, thereby greatly enhancing the lease value of the land. There is nothing in the record to show that this is true. On the other hand, it does appear from the record that the plaintiff was claiming a title which had been cured by the statute of limitation, which was shown to be applicable and effective due to the facts established by the ex parte affidavits and testimony filed in the record. It has been held that where the plaintiff does not have a record title but has one that depends on prescription, the purchaser is justified in compelling the plaintiff, as owner, to establish his title through judicial proceedings. New Orleans Exchange v. Vincent, 168 La. 802, 123 So. 331; Hardtner v. Dixie Oil Co., 163 La. 1011, 113 So. 357; Thomann v. Dutel, 158 La. 1026, 105 So. 52 and Zahn and Arensberg, 154 La. 70, 97 So. 301.

It further appears that the title was not only suggestive of litigation but was defective. There was a break in the chain of title. The escrow agreement provided that the plaintiff furnish a complete abstract of title to the defendant, certified by a competent abstractor and delivered to the attorneys for the defendant for examination within a specified time. Plaintiff's failure to furnish such an abstract title within the time limit justified the defendant in refusing to accept title based upon ex parte affidavits.

For the reasons assigned the judgment appealed from is affirmed.

O'NIELL, C. J., does not sit.