HAWTHORNE, Justice.
 

 On February 1, 1947, Nebo Oil Company, Inc., as lessor, entered into an oil, gas, and sulphur lease with Little Creek Oil Company, Inc., as lessee, in which the lessor leased unto lessee 320 acres of land situated in the Parish of Natchitoches, Louisiana, described as the NEj4 and the SWj4 of Section 19, Township 13 North, Range 6 West. This lease, which was executed in two counterparts, together with the consideration named therein, $2400.00, was deposited in the Whitney National Bank of New Orleans under an escrow agreement pending examination of title. A dispute having arisen between lessor and lessee as to the validity of the lessor’s title to the minerals underlying the property leased, the Whitney National Bank, as depositary, deposited the lease and the consideration
 
 *478
 
 named therein in the registry of the court, and interpleaded both the lessor and the lessee, praying that each assert its respective rights. In due course the Whitney National Bank was discharged, and the controversy was then, and is now, between Nebo Oil Company, Inc., lessor, and Little Creek Oil Company, Inc., lessee.
 

 Little Creek Oil Company, Inc., contended that the title of Nebo Oil Company, Inc., to the minerals leased had prescribed by ten years’ non-use, and that Nebo did not own the minerals underlying the property described in the lease. It asked for the return of the consideration for the lease and for its cancellation.
 

 Nebo Oil Company, Inc., on the other hand, contended that its title to the minerals had not been lost by the ten-year prescription, these minerals being imprescriptible under Act No. 315 of 1940, and, in the alternative, that, if that act was not applicable, there had been an interruption of the prescription of ten years for the reason that the minerals underlying these tracts had been pooled with other minerals from which production had been obtained and royalties distributed to the members of the pool. It asked that the consideration, together with one counterpart of the lease, be delivered to it.
 

 The judgment of the district court recognized Nebo Oil Company, Inc., to have a valid title to the oil, gas, and sulphur under the property leased for the reason that its mineral rights had become imprescriptible under the provisions of Act No. -315 of 1940; decreed the lease to be good and valid, and ordered the Whitney National Bank, as depositary, to deliver the consideration and one original counterpart of the lease to Nebo and the other original counterpart to Little Creek.
 

 From this judgment Little Creek has appealed to this court. Nebo
 
 has
 
 answered the appeal, praying that the judgment of the lower court be affirmed, and contending in the alternative that there has been an interruption of prescription because of the aforementioned pooling agreement.
 

 On November 12, 1932, the Bodcaw Lumber Company of Louisiana, Inc., the owner at that time of the surface as well as the mineral rights thereunder, conveyed unto the Good Pine Oil Company, Inc., all of the oil, gas, and sulphur underlying a tract of land containing 37,532.13 acres, of which tract the 320 acres here involved were a part. Appellee, Nebo, acquired its title to these minerals by mesne conveyances from Good Pine Oil Company, Inc., in the month of January, 1942.
 

 The Bodcaw Lumber Company of Louisiana, Inc., on February 11, 1936, a little over three years after the sale of the minerals to appellee’s author in title, Good Pine Oil Company, Inc., conveyed a tract of land comprising more than 24,000 acres to the United States of America, of which tract the 320 acres under which the minerals had been previously conveyed, and now claimed by Nebo, formed a part. This sale
 
 *479
 
 to the United States government was made subject to the previous sale by the vendor therein to the Good Pine Oil Company, Inc., •of all the oil, gas, and sulphur under the tracts of land here involved, said reservation being set out in the deed, a certified copy of which is filed in the record, as follows : “This sale and transfer is made subject to the sale of all the oil, gas and sulphur, in, on, and under all of the lands conveyed herein, as shown by act of sale •dated November 12, 1932, * * * wherein Bodcaw Lumber Company of Louisiana, Incorporated, was the vendor, and Good Pine Oil Company, Incorporated, was the vendee. The mention of these mineral sales and of the rights granted therein is made solely for the purpose of limiting vendor’s warranty to the United States of America in the present sale, and the recital of the said mineral sales shall in no wise extend or enlarge the same in point of time, •or limit, control, or otherwise restrict the manner of exercising its rights by the Good Pine Oil Company, Incorporated, it successors and assigns.”
 

 Subsequent to the sale by Bodcaw Lumber Company to the United States, but within 10 years after that company had parted with its title to the minerals under the property conveyed, the Legislature of this state adopted Act No. 315 of 1940, the relevant portion thereof reading as follows: “Section 1. Be it enacted by the Legislature of Louisiana, That when land is acquired by conventional deed or contract, condemnation or expropriation proceedings by the United States of America, or any of its subdivisions or agencies, from any person, firm or corporation, and by the act of acquisition, verdict or judgment, oil, gas and/or other minerals or royalties are reserved, or the land so acquired is by the act of acquisition conveyed subject to a prior sale or reservation of oil, gas, and/or other minerals or royalties, still in force and effect, said rights so reserved or previously sold shall be imprescriptible.”
 

 Both Nebo and Little Creek concede that since Bodcaw Lumber Company parted with these minerals on November 12, 1932, there have been no wells drilled on the 320-acre tracts or on land contiguous thereto, and that there has been no use or exercise of the mineral servitude or other acts sufficient to interrupt prescription with respect to the minerals leased, unless production and payment of royalties under a pooling or unitization agreement had the effect of interrupting prescription, as is contended by Nebo.
 

 It is Little Creek’s contention that Act No. 315 of 1940 can apply only to sales made after its enactment in 1940, and that it has no application to sales made prior to its passage even though the mineral rights had not prescribed when the statute became law. In the lower court Little Creek especially pleaded the unconstitutionality of Act No. 315 of 1940, contending that, for the act to be applicable to the prior • sale in 1936 to the United States government of the land by Bodcaw Lumber Com
 
 *480
 
 pany, which was made subject to the prior mineral sale to Good Pine, it would be necessary to give the act a retroactive or retrospective effect, thereby (1) violating the Constitution of the United States in that it impairs the obligation of contracts and deprives the surface owners of property without due process of law, as set forth in Section 10, Article I, of said Constitution, and the Fourteenth Amendment thereto, and (2) violating the Fourteenth Amendment to the Constitution of the United States in that it deprives the United States of the equal protection of the law.
 

 As pointed out in appellant’s brief herein, this controversy arose because the United States is claiming title to these minerals, and this is shown by photostatic copies, filed in the record, of certain decisions of the Department of the Interior, Bureau of Land Management, rendered during 1947. These decisions show that the United States contends that Act No. 315 of 1940 does not have a retroactive effect, and is not applicable with respect to reservations created or mineral rights granted, sold, excepted, or otherwise conveyed prior to its enactment, and, further, that, if the statute is held to apply to transfers executed before its passage, it is unconstitutional for the reasons set out in the decisions.
 

 Appellant, Little Creek, has adopted the contentions of the United States as its sole and only contentions, and these decisions are the only authority upon, which it relies in support of its position.
 

 The lower court in its reasons for judg-' ment, after citing and discussing numerous authorities, was of the opinion that Act No. 315 of 1940 was applicable to the instant case, and that such application did not impair any vested right or obligation of contract, and that there was no foundation for the contention that Act No. 315 of 1940 denied to anyone the equal protection of the law. The judgment further provided that nothing contained therein should be construed as res judicata as against the United States, which was not a party to this suit.
 

 It appears to us, as it did to the lower court, that Act No. 315 of 1940 is applicable to the sale by Bodcaw to the United States on February 11, 1936, which was made subject to the vendor’s conveyance of the minerals to Good Pine on November 12, 1932, — not because there is anything in the terms of the statute to indicate that it was intended to have a retroactive application, but because of the general rule of law established by the jurisprudence of this court that laws of prescription and those limiting the time within which actions may be brought are retrospective in their operation. See De Armas v. De Armas et al., 3 La.Ann. 526; Shreveport Long Leaf Lbr. Co., Inc., v. Wilson et al., 195 La. 814, 197 So. 566, and State v. Alden Mills, 202 La. 416, 12 So.2d 204.
 

 
 *481
 
 Articles 789 and 3546 of the Civil Code, which the act in question seeks to affect or change insofar as they apply to mineral servitudes on land acquired by the United States subject to mineral reservations, are articles establishing a period of prescription. See Sample et al. v. Whitaker et al., 172 La. 722, 135 So. 38. Since the act itself affects that prescriptive period, the general rule in the foregoing paragraph is applicable.
 

 If, as we assume, the statute does have a retroactive effect, then, as stated above, Little Creek contends that the statute is unconstitutional as to the United States for the reasons hereinabove given. In other words, appellant is championing the rights of the United States. We are of the opinion that this contention cannot be answered in the instant case without the United States being made a party to this suit, for it is a well recognized principle of constitutional law that one not prejudiced by a statute cannot question its constitutionality or obtain a decision as to its validity as impairing the rights of others.
 

 Willis on Constitutional Law, Chapter III, page 91, gives the rule as follows:
 

 “Who are entitled to raise questions of constitutionality? Anyone whose rights are injuriously affected and no one else. It is not enough that the statute is unconstitutional as to other persons or classes. The person attacking the statute must come within the class. * * *”
 

 In other constitutional authorities we find the rule stated:
 

 “ * * * Nor will a court listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it. * * * ” Cooley, A Treatise on Constitutional Limitations, Carrington’s 8th Ed., Chapter VII, page 339.
 

 “One of the elementary doctrines of constitutional law, firmly established by the authorities, is that the constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. Before a law can be assailed by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights. Assailants must therefore show the applicability of the statute and that they are thereby injuriously affected. The burden of proof is upon those who claim themselves harmed by a statute to show how, as to them, the statute is unconstitutional. Thus, one who invokes the power of the court to declare an act of Congress to be unconstitutional must be able to show not only that the statute is invalid, but that he has sustained, or is in immediate danger of sustaining, some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally. * * *
 

 “The corollary to the general rule is that one who is not prejudiced by the en
 
 *482
 
 forcement of an act of the legislature cannot question its constitutionality. Thus, one against whom no attempt has been made to enforce a statute may not challenge its constitutionality, nor may one excepted from the operation of a law attack it.
 

 $ * $ * * *
 

 “No one can obtain a decision as to the invalidity of a law on the ground that it impairs the rights of others, for one attacking the constitutionality of a statute is not the champion of any rights except his own. * * *” 11 Am.Jur., Const.Law, Section 111, page 748.
 

 This well established rule has been applied in this state in the cases of State v. Thrift Oil & Gas Co., 162 La. 165, 110 So. 188, 51 A.L.R. 261; Conway v. Lane Cotton Mills Co., 178 La. 626, 152 So. 312; State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601; Ricks v. Department of State Civil Service et al., 200 La. 341, 8 So.2d 49.
 

 A reading of the statute shows conclusively that it is aimed directly at the United States, and at no other. If constitutional, it does not in any way affect or prejudice the rights of Little Creek, and the United States is the only party which has an interest in raising the question of the constitutionality insofar as the act may be applicable to its purchase from Bodcaw Lumber Company prior to the date of the enactment thereof.
 

 Since it appears to us that Act No. 315 of 1940 is applicable in the instant case, and since under the rule discussed above appellant, Little Creek, cannot urge the unconstitutionality of the statute, being without power to do so, it would seem that this court should order appellant to accept title to the minerals here involved and pay the consideration to appellee, Nebo. But, since the title to the minerals is clearly suggestive of litigation, to us it appears to be inequitable to require Little Creek to do so, notwithstanding the fact that it has not urged this as a reason for its failure to take title and has stated in oral argument before this court that it would accept title provided we find the act to be applicable and constitutional. Therefore, since we cannot pass upon the constitutionality of the act insofar as it may be applicable to the facts presented by this case, we have concluded to dismiss the suit for non-joinder of necessary parties under the rule of law that this court has authority ex proprio motu to recognize the failure to join necessary parties and to dismiss a suit for that reason. A precedent for this action is found in the case of Bologna Bros. et al. v. Stephens et al., 206 La. 112, 18 So.2d 914, 917, wherein it was said that “No exception of non-joinder was filed; however, the court of its own motion may take cognizance of the lack of necessary parties.” See also Succession of Todd, 165 La. 453, 115 So. 653.
 

 Appellee, Nebo, contends that the United States is not a necessary party to this suit and in support of this contention
 
 *483
 
 cites and relies on the following cases: Hall et al. v. Nevill et al., 3 La.Ann. 326; Rightor v. Kohn et al., 16 La. 501; Abney v. Levy, 169 La. 159, 124 So. 766; Slaughter v. Watson, 190 La. 331, 182 So. 529; Parish of Jefferson v. Texas Co., 192 La. 934, 189 So. 580.
 

 In each of the cited cases this court did consider the title of a third party although such third party was not a party to the suit, but it is to be noted that in none of these cases was it contended that title was in a third party because an act of the Legislature was unconstitutional as to that third party. In the instant case it is contended that title is in the United States, a third party not a party to this suit, because the statute is unconstitutional as to that third party, the United States.
 

 The judgment of the lower court recognized the fact that the United States was not a party to this suit, and in doing so provided that nothing in the judgment should be construed as res judicata as to the United States. It is contended that we should not hold that the United States is a necessary party and dismiss the suit for' non-joinder of this party, because the United States cannot be sued or made a party to this suit without its consent.
 

 Be that as it may, the United States is the only party which 'has an interest in urging the unconstitutionality of the statute, and the judgment wherein the lower court .found the statute to be applicable and constitutional and provided that nothing therein was to be construed as res judicata as against the United States, was improper without the government being a party hereto.
 

 Since the statute apparently is applicable to the facts of this case, it would serve no useful purpose for us to discuss appellant’s alternative plea in regard to the alleged pooling agreement.
 

 For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this suit be dismissed; one-half of the costs to be paid by Nebo Oil Company, Inc., and the other by Little' Creek Oil Company, Inc.
 

 O’NIELL, C. J., dissents.
 

 McCALEB, J., dissents with reasons.