HALL, Judge.
The Louisiana State Board of Examiners in Watchmaking filed suit under the authority of LSA-R.S. 37:1612 seeking to enjoin defendant from engaging in the practice of watchmaking until such time as he may have obtained a proper certificate from the Board.
Following trial on the merits judgment was rendered permanently enjoining defendant “from engaging in the business or profession of watchmaking, or holding himself out to the public as engaged in the business or profession of watchmaking, including the repairing, replacing, rebuilding, assembling or disassembling the mechanical parts of watches, and fitting of parts designed for use or used in watches, until such time as he may have obtained a proper certificate from the Louisiana State Board of Examiners in Watchmaking.” Defendant prosecutes this suspensive appeal from that judgment.
All of the facts are admitted by defendant. Briefly stated they are as follows:
Defendant was licensed by the Board as a watchmaker when the legislation regulating watchmaking (now LSA-R.S. 37:1581 et seq.) was adopted in 1948. Subsequently he failed and refused to pay the required renewal fees, and after due notice, a formal hearing was held by the Board on May 4, 1964 which resulted in the revocation of his license as a watchmaker. Thereafter defendant has continued to engage in, and is now engaged in the trade, business or profession of watchmaking in the New Orleans area without a certificate or license.
Defendant’s sole defense is his contention that all of the provisions of the statute regulating watchmaking (LSA-R.S. 37:1581 et seq.) are unconstitutional. He raises in his answer the following alleged constitutional objections to the legislation, viz:
1) The statute is an invalid exercise of the police power; consequently, the defendant is denied his property (i. e. the right to engage in the trade of watchmaking) without due process of law.
2) The statute grants exclusive rights, privileges and immunities to one class of citizens to the exclusion of others and tends to create a monopoly of the business of watchmaking.
3) The statute deprives defendant of the equal protection of the law.
4) The statute is an unlawful delegation of legislative authority.
Defendant has not in any pleading, brief or argument indicated which section or sections of the Act violate what pro-vision or provisions of the State or Federal Constitutions, or stated how he is affected thereby.
*162 While the right to engage in any lawful occupation is a property right, this right is subordinate to the legitimate exercise of the regulatory or police power of the State. As said in 16 C.J.S. Constitutional Law § 224, p. 1184, “There is no vested right to engage in a profession, trade, or business, free from statutory regulation.”
In State v. De Verges, 153 La. 349, 95 So. 805, 27 A.L.R. 1526 in discussing the regulation of the profession of public accounting, the Supreme Court said:
“It is true that neither morals, health, nor safety of anyone is jeopardized by the practicing of this profession, however incompetent a person may be, but the power of the state in matters of this sort is not confined to professions involving such consequences. It may also act whenever the general zvelfare requires to protect the public in the skilled trades and professions against ignorance, incompetence and fraud.” (emphasis supplied)
Plaintiff adduced proof of the ills which beset the trade of watchmaking prior to the enactment of this legislation. The Trial Judge commented thereon as follows:
“At the trial, plaintiff presented testimony of conditions inimical to the public interest, which prevailed in the watchmaking trade prior to the passage of the Watchmaker’s Statute, such as itinerant people calling themselves watchmakers, who fled town leaving dissatisfied customers and incomplete works, publication of false and misleading advertisements, and the performance of incompetent work. All of which have, according to the testimony, largely been eliminated or substantially reduced as a result of this regulatory measure.
“Additional evidence was submitted by the Board showing improvement in the standards of work performed by the watchmakers * * * ”
In Board of Barber Examiners of Louisiana v. Parker, 190 La. 214, 182 So. 485, 504, the Supreme Court said:
“The Legislature is presumed to have acted only after a thorough investigation and upon finding that the interest of the public required the legislation in question. * * *»
The Court further said in that case:
“An Act of the Legislature is presumed to be legal until it is shown that it is manifestly unconstitutional and all doubts as to its validity are resolved in favor of its constitutionality * * *
“The above rule is strictly observed in cases where the Legislature enacted a law in the exercise of its police power * * *”
In spite of the burden resting upoft defendant to show that the regulatory act in question is an unjustifiable exercise of the State’s police power, the record is completely devoid of any such showing. In the absence of any contrary showing we are of the opinion that the trade of watchmaking is a valid subject for regulation by the Legislature. In Banjavich v. Louisiana Licensing Board for Marine Divers, 237 La. 467, 111 So.2d 505 (see foot-note 7 at p. 515) the Supreme Court took occasion to refer to “ * * * other occupations which have been subjected to regulation by the Legislature, contained in Title 37 of the Revised Statutes — accountants, architects * * * plumbers, veterinarians and watchmakers;” and said: “It is fair to presume that these professions and occupations have substantial relation with the public in general and that their regulation in the public interest is a proper exercise of police power.”
Defendant cites several decisions where comparable legislation has been struck down in other states, but we are of the opinion that the decision to regulate a particular trade or business is a matter *163 addressed to the discretion of the legislature of each individual State having regard to the conditions prevailing in that State.
We quote with approval the following excerpt from the Trial Judge’s written “Reasons for Judgment”:
“Although the burden was on defendant, he has submitted no evidence to substantiate his allegations that the public interest and welfare did not require this regulation. Also, there is no evidence whatever to support the defendant’s contention that the Board has discriminated in the licensing of qualified applicants; no evidence that the Board has tended by administrative procedure to create a monopoly; and no evidence that defendant or any other watchmaker has been denied the equal protection of the laws. On the contrary, the evidence preponderates in favor of the conclusion that the legislative standards have been objectively administered by the Board; and that the same standards and requirements which the Board seeks to apply to Mr. Morrow have also been applied to all other watchmakers in Louisiana.
“Defendant gave some testimony showing that the number of watchmakers licensed in this state had been reduced during the time that the watchmaker’s statute has been in effect. He contends that this results from monopolistic practices by the Board. However, based on the record, this Court feels that any reduction in the number of watchmakers is a result of natural attrition and the fact that watchmaking is not as remunerative to prospective applicants as other endeavors, considering the demands of the trade.”
Defendant contends that the Act contains an unlawful delegation of legislative authority, but does not tell us wherein this has occurred. In State v. Morrow, 231 La. 572, 92 So.2d 70, the Supreme Court found that the original Watchmaker’s Act (Act 473 of 1948) did contain an unlawful delegation of legislative authority, but took notice of Act 259 of 1956 amending the prior Act and said:
“Thus it will be seen that the original statute delegated to the Board the freedom to define the standards of workmanship and skill in determining the person or persons to whom licenses should be granted. While under the amending Act, the power of the Board to make rules and regulations for conducting examinations and for the issuance of licenses to the applicants or examinees or candidates therefor must conform with certain standards which have been explicitly spelled out therein.”
Thus the Supreme Court has tacitly approved the sections as amended.
Finally defendant takes issue with the provisions of the statute which deal with apprenticeship requirements. Defendant was a duly licensed watchmaker whose license was revoked for non-payment of the statutory fees. Defendant is not now and never has been affected by the apprenticeship requirements. It is not suggested that he would have to go through the apprenticeship training in order to regain certification. He therefore has no standing to assert the invalidity of those provisions. (See Whitney National Bank of New Orleans v. Little Creek Oil Co., Inc., 212 La. 949, 33 So.2d 693; Vieux Carre Property Owners and Associates, Inc. v. City of New Orleans, 246 La. 788, 167 So.2d 367.)
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by defendant-appellant.
Affirmed.