512 So.2d 493 (1987)
BUSH CONSTRUCTION COMPANY, INC.
v.
Jacqueline CARR and Robert S. Robertson.
No. CA 87 0397.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
Rehearing Denied August 26, 1987.
Writ Denied November 20, 1987.
*494 James I. Regan, Covington, for plaintiff-appellee.
Jacqueline Carr, Slidell, Robert S. Robertson, Morgan City, in pro. per.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Appellee, Bush Construction Company, Inc., has filed a motion to dismiss this appeal on the basis that the judgment is interlocutory and not appealable. Appellee also requests damages for a frivolous appeal.
Plaintiff, Bush Construction Company, Inc., filed suit to recover on a promissory note executed by Pink Panther Park and Campground of Slidell, Inc. The note was made payable to Bush Paving Co., Inc., and was endorsed by Louis A. Blaum, Jacqueline Carr and Robert S. Robertson. Bush Construction sued Carr and Robertson as endorsers of the note. Carr and Robertson initially filed the dilatory exception raising the objection of nonjoinder of a necessary party and the peremptory exception urging nonjoinder of an indispensable party. Defendants argued in both exceptions that Pink Panther should have been joined as a party defendant. The trial court overruled the exceptions, and defendants appealed. This court dismissed their appeal on the ground that it was taken from an interlocutory judgment which did not cause irreparable injury. See Bush Construction Company, Inc. v. Carr, 486 So.2d 183 (La. App. 1st Cir.1986), writ denied, 489 So.2d 1273 (La.1986).
Robertson then filed the peremptory exception urging that Bush Construction has no right or cause of action because the payee, Bush Paving Co., Inc., did not endorse the note to Bush Construction. The trial court again overruled the exception, and Robertson filed the present appeal. Bush Construction has moved to dismiss the appeal because the appealed judgment is interlocutory.
*495 Code of Civil Procedure article 2083 permits appeals to be taken from either final judgments or interlocutory judgments which may cause irreparable injury. A judgment which denies a peremptory exception is an interlocutory judgment and is not appealable in the absence of a showing of irreparable harm. Bordelon's, Inc. v. Littell, 490 So.2d 779 (La.App. 3d Cir. 1986). The test for determining whether an interlocutory judgment may cause irreparable injury is whether the procedural error will have such an effect on the merits of the case that the appellate court cannot correct an erroneous decision on the merits. Miller v. Upjohn Company, 461 So.2d 676 (La.App. 1st Cir.1984).
In his opposition to the motion to dismiss, Robertson contends the judgment overruling his objection of no right or cause of action will cause irreparable injury for the following reasons:
"(1) The maker has defenses which are personal to it and cannot be asserted by Defendant-Appellant.
"(2) Defendant-Appellant's right of subrogation will be lost and/or impaired by allowing the improper Payee to sue and have standing.
"(3) Plaintiff-Appellee is only (an alleged) a holder under R.S. 10:3-306 and as holder takes the promissory note subject to the claims and defenses promulgated by R.S. 10:3-306 and should be asserted by the maker.
"(4) By allowing Plaintiff-Appellee to sue the maker will impair Defendant-Appellant's right of recovery and/or of any collateral that could be obtained against the maker. R.S. 10:3-415 and R.S. 10:3-606.
"(5) The maker's right to assert any other defenses it may have under R.S. 10:3-601 et seq. is impaired by allowing the improper Payee to sue."
Defendant first argues that since he cannot present the defenses which are personal to the maker, who is not a party to the suit, these defenses will be lost and defendant will thereby suffer. (His first, third and fifth arguments relate to the maker's defenses.) In Bush Construction Company, Inc., supra, this court stated if an endorser of a note is sued by one not a holder in due course, the endorser may raise any defense the maker might have raised, including defenses seemingly "personal" to the maker. This right is not impaired by the trial court's allowing Bush Construction to sue on the note.
Defendant contends in his second and fourth arguments that the court's judgment will impair his right of subrogation against the maker, Pink Panther, and will impair his right to Pink Panther's collateral. He does not elaborate on these arguments. However, even if the trial court's judgment somehow affects his right to subrogation or impairs the collateral, any error in the judgment can be corrected on appeal following a trial on the merits, before defendant files suit against Pink Panther. Therefore, the judgment does not cause irreparable harm.
In its motion to dismiss, Bush Construction also seeks damages for a frivolous appeal. It has not filed an answer to the appeal. Damages for a frivolous appeal cannot be claimed in a motion to dismiss but only in an answer to the appeal. Prosperity Park, Inc. v. Barton, 404 So.2d 1307 (La.App. 2d Cir.1981).
The motion to dismiss is granted since defendant has failed to show the trial court's judgment will cause him irreparable injury.
The request for damages for a frivolous appeal is denied since appellee has not answered the appeal.
Costs are to be paid by appellant, Robert S. Robertson.
MOTION GRANTED.