533 So.2d 1341 (1988)
Charles REILLY, et al., Plaintiffs-Appellants,
v.
STATE of Louisiana, et al., Defendants-Appellants.
No. 87-943.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
Writ Denied January 13, 1989.
F.L. Desalvo, Gretna, for plaintiffs-appellants.
Eldred, Clauer & Davis, Jerry Davis, Baton Rouge, for defendant-appellee.
Before GUIDRY, STOKER and KING, JJ.
KING, Judge.
This appeal presents several issues, the first issue being whether or not the trial court committed error in granting defendants' motion for partial summary judgment, dismissing plaintiffs' contention that there exists an "imprescriptible mineral servitude" in their favor. The second issue presented is whether or not plaintiffs' appeal of the trial court's rulings denying plaintiffs' cross-motion for summary judgment and peremptory exceptions of res judicata, no right of action, and no cause of action to defendants' reconventional demand should be dismissed.
Charles Reilly, et al (hereinafter "plaintiffs") filed suit to revoke and rescind an onerous donation of approximately 15,000 acres of land located in Vermilion Parish, Louisiana known as the State Wildlife Refuge (hereinafter "the property"). The Act of Donation (hereinafter "the donation") at the center of this dispute was executed by Edward Avery McIlhenny and Charles Willis Ward on November 4, 1911. The plaintiffs, who are the heirs of Ward and McIlhenny filed suit against the beneficiary of *1342 the donation, the State of Louisiana, and several of its agencies (hereinafter "defendants") to obtain a ruling that defendants had breached certain conditions set forth in the donation, resulting in the rescission of the donation and reversion of the property together with its mineral rights to the plaintiffs. Plaintiffs alleged in their petition that the terms of the donation were violated when defendants authorized a "massive geological exploration" of the property between May, 1976 and March, 1977. Plaintiffs alternatively pled that the 1911 donation created an imprescriptible mineral servitude in their favor, even if there was a determination that defendants did not violate the conditions of the donation.
Defendants answered the suit denying any breach of the donation and denying the existence of an imprescriptible mineral servitude. Defendants also reconvened for a declaratory judgment to determine whether or not the donation prohibits mineral exploration or production of minerals on the property. Defendants then filed a motion for partial summary judgment, seeking a dismissal of plaintiffs' claim that an imprescriptible mineral servitude was created by the donation.
In response to defendants' reconventional demand for declaratory judgment, plaintiffs filed several exceptions on the basis of res judicata, no right of action, and no cause of action. Additionally, plaintiffs filed an alternate request for a partial summary judgment, alleging that there was no genuine issue of material fact as to the existence of an imprescriptible mineral servitude created by the donation of the property in their favor.
A hearing on the exceptions and motions was held on July 21, 1986. After considering the evidence and hearing arguments of counsel, the trial judge took the matter under advisement. A decision in the matter and written reasons for judgment were rendered on August 12, 1986. A written judgment was read and signed on August 11, 1987, granting defendants' motion for partial summary judgment, and denying plaintiffs' motion for partial summary judgment and overruling plaintiffs' exceptions to defendants' reconventional demand. Plaintiffs were granted a devolutive appeal from the judgment.
On November 6, 1987, defendants filed in this court a motion to dismiss all issues raised by the appeal that are not related to the trial court's granting of defendants' motion for partial summary judgment. The basis of defendants' motion is that the trial court's other rulings are merely interlocutory in nature and not appealable at this stage of the litigation. We partially grant defendants' motion to dismiss, affirm the trial court's grant of defendants' motion for summary judgment, and remand the case for further proceedings.

FACTS
This particular dispute is a continuation of litigation commenced by the State in 1970. The original suit, entitled State v. Ward, 314 So.2d 383 (La.App. 3 Cir.1975), writ den., 319 So.2d 440 (La.1975), was instituted by the State of Louisiana as a possessory action against the heirs of Edward Avery McIlhenny and Charles Willis Ward and certain corporations who claimed mineral interests in the property by virtue of mineral leases and interests granted by said heirs. The Ward-McIlhenny heirs converted the action into a petitory action by claiming ownership of the property. The heirs also claimed ownership of the mineral rights under the surface of the property by virtue of a mineral reservation included in the donation.
The Ward-McIlhenny group asserted the donation did not effect a transfer of ownership and, in the alternative, argued they were entitled to a rescission of the donation due to the State's failure to comply with certain resolutory conditions in the donation. After a trial on the merits, the district court entered judgment in favor of the State. The judgment held that there was a donation, that the State had substantially complied with the conditions in the act of donation, and that the State was the lawful owner of the property together with its accompanying mineral interests. The judgment further recognized that the heirs had *1343 a reversionary interest in the property and could sue to enforce this right if the conditions in the donation were not complied with in the future. The trial court's judgment became final after this court affirmed the judgment on appeal and writs were denied by the Supreme Court. See State v. Ward, supra.
The instant lawsuit was instituted by plaintiffs on April 30, 1981. By this litigation, plaintiffs seek an effectuation of their reversionary interest. They claim the geological exploration operations on the property authorized by defendants violated conditions in the donation prohibiting defendants from using the lands for "any other purposes other than a refuge or reserve for wildlife" or for "any species of business or manufacture or development" that would defeat the underlying reason for the donation. They also claim the defendants breached other provisions of the donation that create an affirmative duty on the part of defendants to maintain the refuge in such a manner as to protect the wildlife and aid in their propogation.
As a trial on the merits has not been held to determine these issues, or whether defendants are entitled to a declaratory judgment, the scope of our present appellate review is limited to an examination of the trial judge's rulings on the various peremptory exceptions and motions for partial summary judgment. Prior to addressing the merits of plaintiffs' appeal, we will first examine whether the trial court rulings on plaintiffs' exceptions and alternative motion for summary judgment are reviewable by this court, given the present procedural posture of the case, and whether defendants' motion to dismiss plaintiffs' appeal of these matters should be granted.

MOTION TO DISMISS
LSA-C.C.P. Article 2083 provides that "an appeal may be taken from a final judgment" or "from an interlocutory judgment which may cause irreparable injury." Under our jurisprudence and Code of Civil Procedure, a judgment which dismisses or denies a peremptory exception is an interlocutory judgment and is not appealable in the absence of a showing of irreparable injury. LSA-C.C.P. Art. 1841; Bordelon's, Inc. v. Littell, 490 So.2d 779 (La.App. 3 Cir.1986); Wallace v. Pan American Fire & Cas. Co., 386 So.2d 158 (La.App. 3 Cir. 1980); Bush Const. Co., Inc. v. Carr, 512 So.2d 493 (La.App. 1 Cir.1987), writ den., 514 So.2d 1175 (La.1987). The standard for determining irreparable injury is whether any error in the ruling cannot as a practical matter be corrected on appeal after a trial on the merits. Spencer v. U.S. Fidelity and Guar. Co., 454 So.2d 340 (La.App. 4 Cir.1984); Bush Const. Co., Inc., supra.
Plaintiffs contend that the trial court's denial of their exceptions will cause them irreparable injury because they will be forced to undergo a lengthy trial and incur "tremendous" legal expenses.
Assuming plaintiffs' allegations are in fact true, merely requiring the parties to undergo a trial does not constitute irreparable injury. Anderson v. Anderson, 513 So.2d 399 (La.App. 4 Cir.1987); Spencer, supra; Parkerson v. Swaggart, 478 So.2d 922 (La.App. 1 Cir.1985), mot. den., 514 So.2d 1176 (La.1987), writ den., 517 So.2d 811 (La.1988). Proof that the parties will incur additional expense is also insufficient to show irreparable injury for purposes of appealability. Wallace, supra; Anderson, supra.
In the absence of a showing of irreparable injury, an appellate court may still exercise its supervisory jurisdiction to review a trial court's denial of peremptory exceptions where the overruling of the exceptions is arguably incorrect, where a reversal will terminate the litigation, and where there is no factual dispute to be resolved. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). Here, even if we would exercise our supervisory jurisdiction and sustain the exceptions, it would not terminate the litigation. The issue of whether or not the State has breached certain conditions of the donation or whether or not mineral exploration or production of minerals on the property is permitted by the donation would still remain to be resolved on the merits.
*1344 As there has been no showing of irreparable injury or that a ruling on the interlocutory judgments would put an end to the litigation, we deny plaintiffs' request to review the trial court's rulings on their exceptions and grant defendants' motion to dismiss that portion of plaintiffs' appeal, reserving to plaintiffs the right to reurge the correctness of the trial court's rulings on their exceptions in the event of an adverse ruling on defendants' reconventional demand for declaratory judgment.

MOTIONS FOR PARTIAL SUMMARY JUDGMENT
It is conceded by all parties that the trial court's granting of defendants' motion for summary judgment on the issue of whether the donation contained an imprescriptible mineral servitude in favor of the plaintiffs is a partial final judgment and properly before this court. LSA-C.C.P. Art. 968, 1915(A)(3).
LSA-C.C.P. Article 966 provides that any party may move for a summary judgment in his favor for all or part of the relief for which he has prayed and mandates that the judgment sought shall be granted if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file demonstrate that there is no issue as to material fact and that the mover is entitled to judgment as a matter of law.[1]
Initially, we note that nothing in the nature of a factual dispute has been presented to this court with regard to this issue. Plaintiffs have not alleged in their pleadings, or in brief, that the mineral servitude contained in the 1911 donation was maintained by any prior exploratory or developmental operations on the subject tract. In fact this issue has already been decided adverse to them in the earlier case of State v. Ward, supra. Plaintiffs merely argue on appeal that the trial court erred in concluding that defendants are entitled to summary judgment as a matter of law.
In connection with this assignment of error, plaintiffs claim that the Louisiana Legislature, in a series of acts beginning in 1938, abrogated the concept of prescriptible mineral servitudes, and thereby created a separate imprescriptible mineral estate, when the State acquires land subject to a mineral reservation in favor of the transferor.
The various acts referred to by plaintiffs are as follows: 1938 La.Acts No. 68, 1938 Acts No. 151, 1940 La.Acts No. 315; LSA-R.S. 9:5806 (repealed in 1975), Acts 1958, No. 278; Acts 1960, No. 528; and LSA-R.S. 31:149. These acts, and as amended by subsequent legislation, are now codified in Articles 149 through 151 of the Louisiana Mineral Code. See LSA-R.S. 31:149-151.
According to Articles 149 through 151, if land is acquired from any person by the United States, by the State of Louisiana, or by any of their respective agencies, and the act of acquisition or judgment transferring the property to the governmental body reserves a mineral servitude, the servitude will not be subject to normal rules of prescription as long as title to the land remains in the government, or any of its subdivisions or agencies. Essentially, if in the act of acquisition minerals rights normally subject to prescription are reserved to the landowner, they become imprescriptible. Crown Zellerbach Corp. v. Heck, 407 So.2d 770 (La.App. 1 Cir.1981). See comment under LSA-R.S. 31:149; McCollam, A Primer for the Practice of Mineral Law Under the New Louisiana Mineral Code, 50 Tul.L.Rev. 732, 754 (1976); Wall, Imprescriptible Mineral Servitudes in Louisiana, 42 La.L.Rev. 123 (1971).
The retroactive application of these statutes to the property given to the State by the donation forms the vortex of the present controversy between the parties. Plaintiffs argue that these various acts should be given retroactive effect as they are remedial and curative in nature, even in cases where the servitude has expired and mineral rights have already vested in the governmental body. Defendants, on the other hand, argue that the legislature never intended any of the aforementioned acts *1345 to be applicable where a reserved mineral servitude had expired and where the retroactive application would impair vested rights acquired by the State.
Plaintiffs cite and rely on cases, interpreting the various acts cited above, such as United States v. Nebo Oil Co., 90 F.Supp. 73 (W.D.La.1950); Whitney Nat. Bank of New Orleans v. Little Creek Oil Co., 212 La. 949, 33 So.2d 693 (1947); Leiter Minerals, Inc. v. California Co., 241 La. 915, 132 So.2d 845 (1961); Anadarko Production v. Caddo Parish Sch. Bd., 455 So.2d 699 (La.App. 2 Cir.1984), writ den., 460 So.2d 610 (La.1984); Franks Petroleum v. Martin, 234 So.2d 268 (La.App. 2 Cir.1970), writ not considered, 236 So.2d 36 (La.1970); Humble Oil & Refining Company v. Freeland, 216 So.2d 689 (La.App. 3 Cir.1968); State, Sabine River Authority v. Miller, 184 So.2d 780 (La.App. 3 Cir. 1966). A review of the cases cited by plaintiffs reveals that in none of these cases has there ever been a retroactive application of any of these acts where liberative prescription had already accrued before the act in question became effective.
In Whitney National Bank of New Orleans v. Little Creek Oil Company, supra, the Louisiana Supreme Court interpreted Act 315 of 1940 which provided for an imprescriptible mineral servitude on land transferred to the federal government. There, the court held that Act 315 should be retroactively applied to a mineral servitude created in 1932. It is crucial to note that the mineral servitude had not prescribed when the statute became law and the application did not impair any vested rights or obligations of contract. This case clearly does not stand for the proposition for which it is cited.
In Leiter Minerals, Inc. v. California Co., supra, the Louisiana Supreme Court held:
"A servitude of indefinite duration is extinguished only when it is not exercised for a period of 10 years. Such a servitude created by mineral reservation in a sale to the government would, under Act 315 of 1940, be rendered imprescriptible and would never be lost by prescription, provided it was in existence at the time the 1940 act went into effect." (Emphasis supplied.) Leiter, supra 532 So.2d at 853.
The Leiter court made this same point twice more:
"[I]t is manifest that the Legislature intended the act to be applicable to prescription whether established by statute or by contract where prescription had not already accrued at the time the act became effective. See Ray v. Liberty Industrial Life Ins. Co., La.App. 180 So. 855 [1938]..
* * * * * *
This court has already held that Act 315 of 1940 is applicable to mineral reservations in all sales which were made to the United States before its adoption provided the prescriptive period had not expired before the act became effective; or, stated somewhat differently, this court has concluded that the statute was a remedial one and was retrospective in its operation. Whitney Nat. Bank of New Orleans v. Little Creek Oil Co., Inc., et al, 212 La. 949, 33 So.2d 693 [(1947)]. See also United States v. Nebo Oil Co., D.C., 90 F.Supp. 73 [(1950)]; 5 Cir.190 F.2d 1003." (Emphasis supplied.) Leiter, supra 532 So.2d at 854.
In Anadarko Production Company v. Caddo Parish School Board, supra, the court held:
"[W]hen a mineral servitude is created... the servitude owner-vendor bargains for and `expects' to have 10 years within which to exercise his rights and the landowner-vendee `expects' the land to be freed of the servitude if the servitude rights are not timely exercised. This is a correct paraphrase of the law relating to the 10 years non-use liberative prescription. See LRS 31:16; Frost-Johnson Lumber Co. v. Nabors Oil & Gas Co., 149 La. 100, 88 so. 723 (1921); C.C. Arts. 789, 3546.
[L]aws of liberative prescription are retrospectively applied.... [T]he `shelter' provided by such laws is subject to legislative change and does not create a `fundamental' right in an individual. Chase Securities Corporation v. Donaldson, *1346 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945); United States v. Nebo Oil Co., 190 F.2d 1003, 1009-1010, (5th Cir.1951). Statutes which either shorten or extend the period of prescription have been held subject to the legislative power as long as the period of time provided by the statute has not elapsed to make the prescriptive `bar' complete. Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). The right to the effect of the prescription is not considered as `vested' until the period is completed, and before the period is completed, so that right may be affected or destroyed by legislative enactment suspending or interrupting the period. Calvit v. Mulhollan, 12 Rob. 266 (La.1845)." (Emphasis supplied.) Anadarko, supra, at 701.
The Supreme Court in Leiter recognized that Article 4, Section 15 of the Louisiana Constitution of 1921 prohibited the impairment of vested rights by subsequent legislation. Leiter, supra, at page 854. This constitutional protection is now found in Article 1, Section 23 of the Louisiana Constitution of 1974. See also, LSA-R.S. 31:214.
In United States v. Nebo Oil Co., Inc., supra, the United States Court of Appeals, Fifth Circuit held:
"The principal restriction upon legislation of this nature appears to be that vested rights must not be disturbed ... To be a vested right it must have become a title, legal or equitable, to the present or future use and enjoyment of property. It cannot be considered a vested right if it is nothing more than a mere expectation, or hope, based upon an anticipated continuance of the applicable general laws ...
* * * * * *
Such statutes may be modified by shortening the period prescribed, providing the time is still running ...
* * * * * *
Act 315 of 1940 provides that when lands are conveyed to the United States subject to a prior ... reservation of ... minerals still in force and effect, the rights so reserved ... shall be imprescribable." (Emphasis supplied. Citations omitted.) Nebo, supra, at 1008-1010.
In the instant case, the mineral servitude reserved in the act of donation was extinguished in 1921 by liberative prescription resulting from nonuse for ten years. Ownership of the minerals in the property vested in the State seventeen years prior to the effective date of the earliest applicable statute enacted in 1938. LSA-R.S. 31:27; Frost Johnson Lumber Co. v. Salling's Heirs, 150 La. 756, 91 So. 207 (1922). As such, the 1938 and later acts of the legislature could not affect defendants' vested ownership of the mineral rights. Further, there is a final, definitive judgment, rendered in 1975, by all three levels of the Louisiana courts holding that the mineral servitude reserved in the property by the donation had prescribed. State v. Ward, supra. Implicit in this holding is that the mineral rights in the property are prescriptible.
In his 1973 reasons for judgment, Judge Nehrbass, District Judge of the Fifteenth Judicial District Court, Vermilion Parish, Louisiana, held that:
"It has been admitted that the State never undertook to develop the lands in question for minerals and by the same token there has never been any effort by the Ward-McIlhennys to develop the land in question for minerals. The minerals servitude reserved by the transferring of land prescribes by ten (10) years non-user.
The Court holds that because of the inactions of the Ward-McIlhenneys in the respects set out they have forfeited their rights."
When the issue of prescription was addressed on appeal, this court stated:
"We also hold that the mineral servitude reserved by the donors in the Act of Donation has prescribed due to 10 years prescription of non-use. Frost-Johnson Lumber Co. v. Sallings' Heirs, 150 La. 756, 91 So. 207 (1922). There is no contention in the pleadings nor proof in the record of any mineral activity on the tract." Ward, supra at 394.
*1347 Accordingly, we find that the trial court did not err in granting defendants' motion for partial summary judgment finding that plaintiffs have no imprescriptible mineral servitude in the property.
Because the two motions for partial summary judgment are cross-motions on the same issue, this ruling makes moot and pretermits the necessity of our considering whether the trial court erred in denying plaintiffs' alternative motion for partial summary judgment or defendants' request to dismiss plaintiff's appeal of the judgment rendered on plaintiffs' alternative motion for summary judgment.
For the foregoing reasons, we affirm the trial court's judgment granting defendants' motion for partial summary judgment and grant defendants' motion to dismiss plaintiffs' appeal of the denial of their exceptions. The case is remanded to the trial court for further proceedings.
All costs of this appeal are taxed to plaintiff-appellant with the costs of the trial court to await a trial on the merits of the remaining issues.
MOTION TO DISMISS GRANTED IN PART; AFFIRMED AND REMANDED.
NOTES
[1] By joint stipulation of the parties, the entire record in State v. Ward, supra, was entered into evidence on the hearing for summary judgment, along with the record in the present case.