## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-920


**********

IN RE: COLLEEN MCDANEL


**********

SUPERVISORY WRIT FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 262,924
HONORABLE GEORGE C. METOYER JR, DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.


**WRIT DENIED.**

**Brandon A. Sues**
**Eugene J. Sues**
**Sarah S. Couvillon**
**Gold, Weems, Bruser, Sues, & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPLICANT:**
     **John S. McCabe, M.D.**

**Mary K. Beaird**
**Attorney at Law**
**303 East Texas Street**
**Leesville, LA 71446**
**(337) 944-0299**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Colleen McDanel**

**SAUNDERS, Judge.**

Relator, Dr. John S. McCabe, seeks supervisory writs from the judgment of the Ninth Judicial District Court, Parish of Rapides, the Honorable George Clarence Metoyer, Jr., presiding, which denied Relator's exception of prescription.

## STATEMENT OF THE CASE

This case involves a medical malpractice action which is still pending before a medical review panel. On September 6, 2016, Relator performed an abdominal panniculectomy with abdominoplasty, or tummy tuck, on Plaintiff, Colleen McDanel. On September 12, 2016, Plaintiff had a follow-up visit with Relator at which time Relator allegedly yanked the tubes out of Plaintiff's stomach, causing her severe pain and emotional anguish. Plaintiff also alleges that when she went to have her stitches removed on September 21, 2016, Relator yanked the stitches so aggressively that he pulled a chunk of her skin off with a stitch. Plaintiff contends that due to Relator's rudeness and roughness with removing her stiches, she began seeing another physician, Dr. Herbert McGuire, for post-operative treatment. Dr. McGuire, who works in the same facility as Relator, advised Plaintiff that she should undergo a follow-up scar revision surgery because she had a "prominent dogear with some skin folds over the dogear." Because Dr. McGuire and Relator work in the same facility, Plaintiff decided to obtain an opinion from a physician who does not work with Relator. On April 4, 2018, Plaintiff began to treat with Dr. Mary Tschoi Kim at University Health of Shreveport. Dr. Kim advised Plaintiff that she needed to undergo a revision surgery and that the tummy tuck surgery should never have been performed on Plaintiff due to a preexisting scar located on her right abdomen.

On October 11, 2017, Plaintiff filed a medical review panel complaint with the Louisiana Patients' Compensation Fund (PCF) against Relator and Rapides Regional Medical Center alleging that her stomach is deformed and has not healed

properly due to Relator's negligence. That complaint was deemed invalid on December 22, 2017, due to Plaintiff's failure to pay the filing fee. However, Plaintiff filed a second complaint with the PCF on January 30, 2018. As is permitted by La.R.S. 40:1231.8(B)(2)(a), Relator filed an exception of prescription in the trial court while the case is still pending before the PCF. The trial court denied Relator's exception of prescription, and Relator now seeks review of that ruling.

## SUPERVISORY RELIEF

The denial of a peremptory exception is not appealable absent irreparable injury, but the denial can be reviewed on supervisory writs where it fits the criteria of *Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981); *Reilly v. State*, 533 So.2d 1341 (La.App. 3 Cir. 1988), *writ denied*, 536 So.2d 1219 (La.1989).

## ON THE MERITS

Relator asserts that the trial court erred when it denied his exception of prescription. Relator notes that pursuant to La.R.S. 9:5628(A), medical malpractice actions must be filed within one year from the date of the alleged negligent act or within one year of the date of discovery of the alleged negligent act, provided that the claims be filed no later than three years from the date of the alleged negligent act in order to be considered timely. In the instant case, Relator contends that since Plaintiff's claim arises out of alleged acts of malpractice that occurred when Relator provided medical care to Plaintiff in September 2016, the one-year prescriptive period expired in September 2017. Thus, Relator argues that Plaintiff's malpractice claim against him prescribed well before January 30, 2017, which is when the Plaintiff's second complaint was filed with the PCF. Also, Relator argues that Plaintiff's initial PCF complaint, which was filed on October 11, 2017, and which

2

was subsequently deemed to be without effect due to nonpayment of filing fees, was also filed after the prescriptive period had expired.

Relator asserts that because Plaintiff's complaint is prescribed on its face, the burden shifts to Plaintiff to prove that her claim is not prescribed. Relator argues that the trial court abused its discretion when it allowed Plaintiff, over Relator's objection, to introduce uncertified medical records into evidence at the hearing on the exception of prescription. Relator contends that Plaintiff introduced multiple incomplete and uncertified medical records such as an uncertified office note from Dr. McGuire, an uncertified provider sheet, and uncertified medical records and invoice from Dr. Kim. However, Relator maintains that La.R.S. 13:3714 authorizes the admission of only those medical records which have been certified by a health care provider or signed by the administrator or medical records librarian of a hospital. Relator argues that since Plaintiff's exhibits were not properly signed by the administrator or the medical records librarian of the health care providers at issue, they should not have been admitted and considered by the trial court.

Relator notes that this court has stated the following:

> Louisiana Revised Statute 9:5628's one-year prescriptive period commences running on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. In other words, constructive knowledge is sufficient to trigger the running of prescription, and the plaintiff is deemed to know that which he could have learned through reasonable diligence. The heart of the inquiry is the reasonableness of the plaintiff's action or inaction. This inquiry requires consideration of the her [sic] education, intelligence, and the gravity of her condition, as well as the defendant's conduct. Reasonability is a factual determination which an appellate court cannot disturb, absent a finding of manifest error.

*Braud v. Cenac*, 03-1696, p. 6 (La.App. 3 Cir. 7/14/04), 879 So.2d 896, 902-03, *writ denied*, 04-2101 (La. 11/15/04), 887 So.2d 484 (citations, footnotes, and internal quotation marks omitted).

In the instant case, Relator asserts that Plaintiff did not present any admissible evidence to prove the date of discovery of her cause of action for her malpractice claim. Nonetheless, Relator contends that even if the inadmissible evidence which Plaintiff submitted was considered, the key inquiry is the reasonableness of Plaintiff's inaction until January 30, 2018, which is when she filed her medical malpractice claim. Relator notes that Plaintiff alleges that her stomach has not healed and is deformed. Relator contends that looking at an unhealed and deformed stomach in the mirror would excite the attention of a reasonable person and cause that person to inquire about possible malpractice. Also, Relator contends that the evidence shows that Plaintiff wanted a second opinion before January 30, 2017, which was a year before her complaint was filed. Relator maintains that Plaintiff was aware of her dissatisfaction with Relator's services and the results of her surgery as early as September 21, 2016, when she terminated her treatment with Relator.

In her opposition to the instant writ application, Plaintiff asserts that the exception of prescription was properly denied. Plaintiff contends that Relator is incorrect in its assertion that La.R.S. 13:3714 serves to ban the admission of evidence. Instead, Plaintiff contends that statute merely dictates the proof of the document's content. Relator also contends that the medical records that she submitted into evidence were admissible under La.Code Evid. art. 803 because they were not introduced to prove the truth of the matter asserted but rather, they were introduced to show that Plaintiff was continuing treatment with Relator and another doctor at the same facility. Also, Plaintiff asserts that the records contain a doctor's electronic signature and, at the very least, were kept in the ordinary course of business.

Furthermore, Plaintiff maintains that the same medical records which Relator did not want Plaintiff to introduce into the record, due to a lack of certification, were

4

introduced, with certification, by Relator. Plaintiff contends that in support of her opposition to the exception of prescription, she merely used an excerpt from the same medical records that Relator has introduced. Plaintiff argues that even if some or all of her exhibits are deemed inadmissible, the certified medical records submitted by Relator should be sufficient to show that Plaintiff had no knowledge of the malpractice until well after the date of her surgery and within a year of the date of filing for her malpractice complaint. In that regard, Plaintiff contends that the records show that Relator told Plaintiff that her surgery had gone well and show that another doctor at Relator's facility (Dr. McGuire) had specifically indicated that there was no malpractice by Relator. Plaintiff maintains that she was prevented from discovering her cause of action for malpractice because Relator's facility was assuring her up to February 7, 2017, that her results were normal for the type of surgery she had undergone. Plaintiff contends that is was at that point that she decided to get another medical opinion and began treating with Dr. Kim on April 4, 2018. Plaintiff maintains that it was during her treatment with Dr. Kim she finally realized that she had a claim for malpractice. Plaintiff contends that she, being a real estate agent with average intelligence, did not conclude that a malpractice had been committed just because she was dissatisfied with the results of her surgery.

Pursuant to La.R.S. 9:5628(A), a medical malpractice action may be brought within one year of discovery that a malpractice has been committed, provided that the claim is filed within three years of the act of malpractice. Therefore, we find that there is merit to Plaintiff's argument that her claim is timely under the discovery rule. We find that although Plaintiff had some dissatisfaction with the outcome of her surgery of September 2016, she was being assured by Relator and Dr. McGuire that the surgery had gone well and that her post-surgery symptoms were normal. We agree with Plaintiff's proposition that such assurances delayed Plaintiff's discovery

5

of the fact that she had been a victim of a malpractice. Inasmuch as her complaint was filed within a year of the alleged discovery of malpractice and within three years after the surgery was performed, we therefore hold that the trial court did not abuse its discretion in denying Relator's exception of prescription. Accordingly, we affirm the trial court's ruling on this issue.

**WRIT DENIED.** We find no error in the trial court's ruling.